UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DAKOTA LEE ZERBST,<br><br>       Plaintiff,<br><br>vs.<br><br>CHAPLINS, PENNINGTON COUNTY JAIL,[1] in their individual and official capacity; AND CAPTAIN HOUSTON, PENNINGTON COUNTY JAIL, official capacity;<br><br>       Defendants. | CIV. 20-5004-JLV<br><br>ORDER |

**INTRODUCTION**

Plaintiff Dakota Lee Zerbst, appearing *pro se*, brought this civil rights action under 42 U.S.C. § 1983. (Docket 1). Plaintiff filed the action while incarcerated at the Pennington County Jail, located in Rapid City, South Dakota. Id. He also filed a motion to proceed *in forma pauperis* and a copy of his prisoner trust account report. (Dockets 2 & 3). For the reasons given below, the court grants plaintiff leave to proceed *in forma pauperis* and dismisses his complaint in the *pro se* screening process.

---

[1]The court presumes plaintiff intended to name the Pennington County Jail chaplains as defendants.

## I. *In Forma Pauperis* Status

Plaintiff's motion to proceed *in forma pauperis* includes an affidavit attesting to his indigency. (Docket 2). He states he was previously employed before his incarceration, but currently has no funds. Id. at p. 2. The court finds plaintiff is indigent and grants him leave to proceed *in forma pauperis*.

The Prison Litigation Reform Act, 28 U.S.C. § 1915, requires prisoners seeking to proceed *in forma pauperis* to make an initial partial filing fee payment when possible. Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

- (A) the average monthly deposits to the prisoner's account; or
- (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

In support of his motion, plaintiff provided a copy of his prisoner trust account report signed by an authorized jail official. (Docket 3). The report shows an average monthly deposit for the past six months of $0, an average monthly balance for the past six months of $0, and a current balance of $0. Id. In light of this information, the court finds plaintiff is not required to make an initial partial filing fee.

To pay the full filing fee as required by law, plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden

on plaintiff's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The Clerk of Court will send a copy of this order to the appropriate financial official at plaintiff's institution. Plaintiff will remain responsible for the entire filing fee as long as he is a prisoner, even if the case is dismissed. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II. Prisoner Complaint Screening

### A. Legal standard

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)). During this initial screening process, the court must dismiss the complaint in part or full if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

B.  **Facts**

Plaintiff is a Messianic Jew. (Docket 1 at p. 4). He requested grape juice and bread from jail staff to observe shabbat but his "request was not taken seriously[.]" Id. Jail chaplains "[c]onstant[ly] question[ed] [plaintiff] about [his] religious reasons for the required items" and "[i]ssu[ed] religious 'tests' to verify if [he] should be allowed them." Id. at p. 2. Jail staff did offer plaintiff the opportunity to purchase the food items. (Docket 5 at p. 2). Plaintiff believes it is an "affront to [his] faith" to not practice his requested diet. (Docket 1 at p. 4). He asserts it is antisemitic for jail staff to refuse him his requested diet while making a kosher diet available for other Jews. Id. Plaintiff seeks an injunction to force the jail to provide bread and grape juice, legal fees and $50,000 in damages.[2] Id. at p. 7.

Plaintiff signed his complaint on December 31, 2019. Id. The Pennington County Jail's publicly available roster no longer lists plaintiff as an inmate. See Pennington County, Inmate Charge & Bond Information, available at https://www.pennco.org/currentinmates (last visited March 30, 2020). The South Dakota Department of Correction's inmate locator does not list plaintiff as currently in state custody. See S.D. Dep't. of Corrs., Offender Locator, available at https://doc.sd.gov/adult/lookup/ (last visited March 30, 2020). Plaintiff has not contacted the court with an updated address.

---

[2]In a supplement to the complaint, plaintiff asks for $100,000 in damages, to be increased by $1000 for each weekend defendants do not provide the requested food items. (Docket 5 at pp. 4-5).

## C. Analysis

Plaintiff is no longer incarcerated at the Pennington County Jail. "[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); see also Hanks v. Prachar, 457 F.3d 774, 775 (8th Cir. 2006). The court can provide no injunctive relief to plaintiff. This claim is dismissed. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

However, plaintiff's claim for damages is not mooted by his release from custody. Martin, 780 F.2d at 1337. "[T]o state a claim for relief under § 1983, a plaintiff must . . . show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010) (internal quotation omitted). Plaintiff's claim against the jail chaplains fails at the first step of the inquiry. The United States Court of Appeals for the Eighth Circuit holds "a prison chaplain, even if a full-time state employee, is not a state actor when he engages in inherently ecclesiastical functions[.]" Montano v. Hedgepeth, 120 F.3d 844, 851 (8th Cir. 1997). Concluding plaintiff is not entitled to certain food items as a religious matter, if

indeed the chaplains made that decision, is an "ecclesiastical function[.]"[3] Id. The court dismisses the jail chaplains as defendants. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

Remaining is plaintiff's First Amendment claim against Captain Houston in her official capacity. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). Plaintiff's claim against Captain Houston is in reality a claim against the jail's operator, the Pennington County Sheriff's Office.

> Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are actions for which the municipality is actually responsible.

Connick v. Thompson, 563 U.S. 51, 60-61 (2011) (internal quotations and citations omitted).

Plaintiff did not allege any facts tending to show an official municipal policy caused Captain Houston to deny his request for a religious diet. While he alleges his request was denied, he does not allege any reason for the denial

---

[3]The court also notes plaintiff does not describe any actions the chaplains, as opposed to correctional officers such as Captain Houston, took. Plaintiff does not allege the chaplains are responsible for determining if an inmate is entitled to a religious diet or otherwise controlling his access to the requested food items. He only alleges the chaplains questioned him about his religious need for the items. (Docket 1 at p. 2). In the alternative, the court would dismiss plaintiff's claims against the chaplains for lack of factual support. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

that might be construed as a municipal policy, as opposed to an official decision. Accordingly, he did not state a claim against Captain Houston in her official capacity. The claim is dismissed. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

### D. Motion to Recuse

Plaintiff moved the court to recuse itself. (Docket 6). He asserts the court is "biased and prejudicial" against "*pro se* litigants."[4] Id. at p. 1. "[R]ecusal is required if the judge bears a bias or prejudice that might call into question his or her impartiality." United States v. Gamboa, 439 F.3d 796, 817 (8th Cir. 2006). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." United States v. Ali, 799 F.3d 1008, 1017 (8th Cir. 2015) (internal quotation omitted).

It is true the court has dismissed three of plaintiff's *pro se* cases. See Zerbst v. Univ. of Phoenix, Civ. 19-5058, 2020 WL 114185 at *2 (D.S.D. Jan. 9, 2020) (describing prior cases). But plaintiff's dissatisfaction with the outcome in his prior litigation does not show the court is biased against *pro se* litigants in general. The court sees no reason to recuse itself from this matter.

**ORDER**

For the reasons given above, it is

---

[4]Plaintiff also asserts he will be filing a complaint against the court with the American Bar Association. (Docket 6 at p. 1). The court is not aware of any such complaint and will not recuse on this basis.

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Docket 2) is granted.

IT IS FURTHER ORDERED that plaintiff's motion for recusal (Docket 6) is denied.

IT IS FURTHER ORDERED that plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

IT IS FURTHER ORDERED that the institution having custody of plaintiff is hereby directed that, whenever the amount in his trust account exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2) until the filing fee of $400 is paid in full.

Dated April 1, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE